UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN EUNICE MARSHALL-SEWELL,

        Plaintiff,

v.

        Case Number 23-10725
        Honorable David M. Lawson

C/O (FNU) HURST, SGT. (FNU) KENNEDY,
(FNU) HOLZSCHU, HI (FNU) AUSTIN,
JOHN DOE,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Calvin Eunice Marshall-Sewell, a prisoner at the Michigan Department of Corrections (MDOC) Carson City Correctional Facility in Carson City, Michigan, filed a complaint without the assistance of a lawyer against four corrections officers and a hearing investigator alleging that the defendants issued him a retaliatory misconduct ticket and violated his due process rights during disciplinary proceedings. After conducting the screening required by the Prison Litigation Reform Act (PLRA), it appears that Marshall-Sewell has failed to state a claim upon which relief may be granted. The Court therefore will dismiss the complaint and deny Marshall-Sewell's motion for appointment of counsel.

I.

Marshall-Sewell alleges that on December 4, 2022, defendant Corrections Officer Hurst issued him a misconduct report for assault and battery against another prisoner. ECF No. 1, PageID.7, 16. According to the report, he allegedly participated with three other prisoners in an assault against an individual inmate. *Id.* at PageID.16. Following the misconduct report, an

"unknown officer" (included as a "John Doe" defendant) strip-searched him and took him to segregation. *Id.* at PageID.7. Marshall-Sewell states that once in segregation, he asked to see a sergeant. He was placed on observation for making that request. *Ibid.*

According to the MDOC policy statement attached to the complaint, misconduct reports must be reviewed with prisoners within twenty-four hours of their issue. *Id.* at PageID.18. Defendant Kennedy wrote in the misconduct report that Marshall-Sewell refused to participate in the review and that he refused to sign the ticket. *Id.* at PageID.16. Marshall-Sewell disputes this, alleging he was sleeping when Kennedy came to review the ticket with him, and that the review was not held. *Id.* at 17, 19.

The misconduct report also says that defendant Holzschu "rereviewed" the misconduct "to reflect change in charge." *Id.* at PageID.16. But Marshall-Sewell alleges Holzschu "never reviewed prisoner at all [and] falsified documents . . ." *Id.* at PageID.7. Defendant Austin, the hearing investigator, was informed of the "due process violation [but] never tried to resolve [the] issue." *Ibid.*

The Administrative Law Judge who adjudicated the misconduct reviewed the facility video recording of Marshall-Sewell in observation, which showed two officers attempting to awaken him. *Id.* at PageID.19. The ALJ agreed with Marshall-Sewell that no review was held and dismissed the ticket following the December 13, 2022 hearing. *Ibid.* The ALJ noted that "[f]ailing to review the Misconduct Report with prisoner constitutes a due process violation." *Ibid.*

Marshall-Sewell describes the misconduct report as retaliatory. ECF No. 1, PageID.4, 10. As for the injuries he suffered, he asserts that he did not eat for at least three days, and that he "s[aw] mental health." *Id.* at PageID.8. He alleges that the defendants' actions include First Amendment retaliation, a due process violation, and the "denial of life and liberty by being

restrained." *Id.* at PageID.4. He seeks $10,000,000 in monetary and punitive damages. *Id.* at PageID.8.

II.

When, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a complaint filed by an unrepresented party must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by unrepresented filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii);

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this pleading standard does not require "detailed" factual allegations, *ibid.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ibid.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ibid.*

Marshall-Sewell bases his claims on 42 U.S.C. § 1983, which provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)) (holding

that the "complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights.")

Marshall-Sewell alleges in his complaint that the defendants violated his due process rights, retaliated against him in violation of the First Amendment, and denied him life and liberty without due process. However, after reviewing all the allegations, the Court must conclude that the complaint fails to state a claim on which relief may be granted and must be dismissed.

A.

Marshall-Sewell first alleges that the defendants violated his due process rights. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court established due process rights for prisoners facing disciplinary actions under certain circumstances. *Wolff* requires "(1) 'advance written notice of the claimed violation,' at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, 'to call witnesses and present documentary evidence in [the prisoner's] defense'; and (3) 'a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken.'" *Farmer v. Phillips*, No. 20-5730, 2021 WL 6210609, at *3 (6th Cir. Oct. 19, 2021) (quoting *Wolff*, 418 U.S. at 563-67).

However, courts generally agree that *Wolff* did not establish a free-standing entitlement to its notice and hearing provisions. A prisoner does not have a protected liberty interest in the process of prison disciplinary proceedings unless the resulting sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). More recent decisions hold that *Wolff*'s "more formal adversary-type procedures" applied specifically to the "revo[cation of] good-time credits for specific, serious

misbehavior." *Wilkinson v. Austin*, 545 U.S. 209, 228 (2005) (citing *Wolff*, 418 U.S. at 539); *see also Turner v. Wilkinson*, 20 F. App'x 329, 330 (6th Cir. 2001) (holding that where the plaintiff did not allege a prisoner was denied good time credits, *Wolff*'s due process requirements were not applicable); *Smith v. Washington*, No. 21-11670, 2021 WL 3681142, at *2 (E.D. Mich. Aug. 19, 2021) (citing *Wolff*, 418 U.S. at 557) ("The *Wolff* Court did not create a free-floating right to due process that attaches to all prison disciplinary proceedings.").

The Administrative Law Judge who adjudicated the misconduct report acknowledged that "a due process violation" occurred by the failure to provide notice of the misconduct charges within twenty-four-hours of their issue. ECF No. 1, PageID.19. However, the notice and hearing requirements on which the ALJ relied were established by a MDOC Policy Directive and the MDOC Hearings Handbook. *Id.* at PageID.18. "Failing to follow proper [internal] procedures is insufficient to establish an infringement of a liberty interest" and will not support an alleged due process violation. *Grinter v. Knight*, 532 F.3d 567, 574-75 (6th Cir. 2008) (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)).

Marshall-Sewell does not allege that he faced a longer sentence or the loss of good time credits, so the departure from *Wolff*'s due process requirements does not support an alleged constitutional violation. The failure by the defendants to follow MDOC procedure led to dismissal of the charges against Marshall-Sewell. His sentence was unaffected, and no restrictions were imposed upon him following the ticket's adjudication. Therefore, there was no violation of his due process rights.

B.

Marshall-Sewell also alleges that his right to life and liberty was violated because he was taken to segregation after he received a misconduct ticket for fighting and thereafter was placed

under observation. That conduct does not implicate the Eighth Amendment or his liberty interests under the Due Process Clause.

As explained above, prison disciplinary proceedings do not implicate due process rights unless the duration of a prisoner's sentence is affected or "atypical and significant hardship" results. *Sandin*, 515 U.S. at 484, 486-87. Segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Joseph v. Curtin*, 410 F. App'x 865, 867-68 (6th Cir. 2010) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Segregation is considered atypical and significant only in "extreme circumstances, such as . . . *indefinite* administrative segregation." *Id.* at 868 (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)). Generally, segregation will not be found to support an Eighth Amendment claim, "[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society." *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

The Sixth Circuit expressly has found that detention in segregation following a disciplinary charge is not unconstitutional. *Id.* at 555; *see also Bishawi v. Northeast Ohio Corr. Ctr.*, 628 F. App'x 339, 344 (6th Cir. 2014) (concluding that a prisoner's confinement in segregation for 69 days pending an investigation of disciplinary charges did not violate his procedural due process rights). Again, Marshall-Sewell does not allege the misconduct charge affected the duration of his sentence. His ten-day confinement in segregation between ticket and adjudication does not implicate either the Due Process Clause or the Eighth Amendment. He alleges that "observation" caused him injury, but he alleges no facts to support a contention that the status caused more than a "routine discomfort" or was a significant hardship. He has not stated a claim upon which relief may be granted.

C.

Next, Marshall-Sewell alleges that the misconduct report for fighting violated his First Amendment right to be free from retaliation. A plaintiff seeking to establish a claim for retaliation plausibly must allege that: "(1) he engaged in protected conduct; (2) the defendant took an adverse action against him 'that would deter a person of ordinary firmness from continuing to engage in that conduct'; and (3) . . . the adverse action was taken (at least in part) because of the protected conduct." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)).

Marshall-Sewell fails to satisfy two of the three elements of a retaliation claim. Only the second element is met: placement in administrative segregation is considered an adverse action because it increases the restrictions on a prisoner and decreases his privileges. *Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010). As to the other two elements, nothing in the complaint and attached exhibits contains factual allegations to support either one. That is, Marshall-Sewell did not allege that he engaged any protected conduct that would have motivated Hurst to issue him a ticket for fighting. Nor did he allege any facts that would support finding a causal link between his conduct and Hurst's disciplinary action.

Plaintiffs must provide "specific, nonconclusory allegations" linking their conduct to the defendants' retaliatory acts. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" will not suffice. *Harbin-Bey*, 420 F.3d 571, 580 (2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray*, 84 F. App'x at 556 (requiring "concrete and relevant particulars"). Marshall-Sewell only provides conclusory assertions that Hurst retaliated against him. The complaint fails to state a claim of retaliation.

D.

The constitutional basis for Marshall-Sewell's claims against defendants Holzschu and Austin, the hearing investigator, is less clear. He alleges that Holzschu did not "rereview[]" the charges with him as indicated on the misconduct report and that he "falsified documents . . . ." ECF No. 1 at PageID.7. Marshall-Sewell also asserts Austin was informed of the "due process violation [but] never tried to resolve [the] issue." *Ibid.*

The claims against both defendants must be dismissed. As explained above, Marshall-Sewell's due process challenges to his disciplinary proceedings fail to state a claim. His allegations against Holzschu arise from the same challenged disciplinary proceeding and meet the same fate.

As for Austin's failure to resolve the alleged due process violation, "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Supervisory liability will not be established "unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Ibid*. (citation and quotation marks omitted); *see also Frazier*, 41 F. App'x at 764 (requiring a section 1983 plaintiff plead personal involvement by defendants in the constitutional violations). Therefore, Marshall-Sewell's allegation that Austin was aware of Kennedy and Holzschu's actions but failed to correct them is insufficient to state a claim.

E.

Finally, Marshall-Sewell has not alleged that he sustained a physical injury from his confinement in segregation, and therefore he cannot recover any damages for psychological injury he might have sustained from the detention. *See Powell v. Washington*, 720 F. App'x 222, 229 (6th Cir. 2017) (citing *Harden-Bey*, 524 F.3d at 795-96); *see also* 42 U.S.C. § 1997e(e). Marshall-

Sewell alleges that he did not eat for at least three days, but he did not allege any discomfort or other physical effects from that deprivation. In the absence of a physical injury, damages are not available to him for any mental or emotion injuries he suffered.

### III.

The plaintiff's complaint does not set forth any cognizable claims. The PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), therefore requires the Court to dismiss the case summarily.

Accordingly, it is **ORDERED** that complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  January 16, 2024